O'MEARA v. ELECTROGRAPH CO.

MASTER AND SERVANT—COMMISSIONS—SALARY—CONTRACT OF HIRING.
  In salesman's action against employer to recover claimed balance for sales on commissions, finding of trial court that plaintiff was on salary basis during period involved, and therefore was not entitled to recover, *held*, justified by record.

Appeal from Wayne; Smith (Henry W.), J., presiding. Submitted October 7, 1932. (Docket No. 53, Calendar No. 36,630.) Decided January 3, 1933. Rehearing denied April 21, 1933.

Assumpsit by James O'Meara against the Electrograph Company, a Michigan corporation, to recover alleged commissions as an advertising salesman. Judgment for defendant. Plaintiff appeals. Affirmed.

*Wm. Henry Gallagher,* for plaintiff.

*Monaghan, Crowley, Reilley & Kellogg,* for defendant.

McDONALD, C. J. The plaintiff was a salesman for the defendant company and has brought this suit to recover a claimed balance for commissions on sales earned in the period from April 17, 1925, to March 19, 1929. On the trial by the court without a jury, the controlling issue was whether the plaintiff was employed on a commission basis for the entire period claimed by him, or whether he was put on a salary on January 1, 1927, as claimed by the defendant. If the plaintiff's testimony be taken as true, he is entitled to a judgment for unpaid commissions. If defendant is right on the facts, he has been fully paid. The court found for the defendant, and entered a judgment in its favor. The plaintiff has appealed.

The defendant is engaged in the business of producing "dealer to customer" advertising. It employs a number of salesmen. The plaintiff was employed as such in April, 1925, on a commission basis, and continued until January, 1927, at which time the defendant claims all of the salesmen, including the plaintiff, were put on salaries. The plaintiff claims that he continued on a commission basis. On the establishing of this contention depends his right to recover.

The issue involves purely a question of fact. While the oral testimony is conflicting, we think

there are circumstances which strongly tend to support the defendant's contention that early in January, 1927, the plaintiff's compensation was changed from commission on sales to a weekly salary. It is undisputed that in 1925 and 1926, while the salesmen were working on a commission basis, monthly statements showing the status of their commission accounts were mailed to them. In 1927 and 1928, when the defendant claims they were working on a weekly salary basis, these monthly statements were not sent out. Instead, each salesman received a weekly check for a stated amount in addition to his expenses. The manner of keeping the books was changed, and a new bookkeeping system set up such as is used where salesmen are on a salary. The plaintiff received no commission statements after January, 1927, but received a check every week for $225 plus his expenses. No settlement was made with him on a commission basis. The testimony shows that he was not satisfied with the amount he was being paid, and he complained to Mr. Prince, an active vice-president of the defendant company. As to this the plaintiff testified, on cross-examination:

"*Q.* Is it true that Mr. Prince called you in and said because of the showing you had made in your salesmanship work that he would increase your salary from $225 to $300 per week and expenses?
"*A.* It isn't true that he called me in.
"*Q.* He didn't call you in? Where did he say that to you?
"*A.* I called his attention to it.
"*Q.* You did get an increase, didn't you?
"*A.* Yes, sir.
"*Q.* And it dated back to the first of January, 1927; that is right, isn't it?
"*A.* That is right."

In disposing of the issue, the trial court filed an opinion in which he said:

"The situation at the beginning of 1927 helps considerably in arriving at a conclusion. At this time plaintiff was owing the defendant $9,472.38 that he had overdrawn. The defendant had materially changed its business relations with its clients by rendering more service. The service rendered was extensive, involving 20 different units to make the sale complete. No salesman could be expected to have either the time or talent to attend to all of these units of service. Other salesmen were called in and informed that the corporation had changed its plans of operation and that salesmen thereafter would operate on a salary basis."

Our examination of the record leads us to believe that the trial court reached the right conclusion.

The judgment is affirmed, with costs to the defendant.

CLARK, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.